**Terrence L. LAVOLL, Petitioner— Appellant,**

v.

**George GRIGAS, et al., Respondents— Appellees.**

No. 06–16248.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed April 3, 2007.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Erik A. Levin, Esq., Office of the Nevada Attorney General, Carson City, NV, David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: WALLACE, CUDAHY,* and McKEOWN, Circuit Judges.

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, is sitting by designation.

**593**

MEMORANDUM **

In 1997 Terrence LaVoll pleaded guilty to one count of sexual assault of a minor under sixteen years of age with use of a deadly weapon. He now claims that his plea was not entered knowingly, intelligently and voluntarily due to ineffective assistance of counsel. The Nevada Supreme Court denied his petition for writ of habeas corpus. The district court under AEDPA review also denied the petition but certified an issue for our review. We affirm.

On November 3, 1997, the petitioner, Terrence LaVoll, was indicted on four counts of sexual assault of a minor under sixteen years of age with use of a deadly weapon. On December 9, 1997, LaVoll pleaded guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of sexual assault. On December 17, 1997, LaVoll was sentenced to life in the Nevada State Prison.

Prior to pleading guilty in the case at issue in this habeas petition, LaVoll faced other criminal charges of sexual assault with a minor under sixteen years of age (three counts) and solicitation of a minor to engage in acts constituting the crime against nature (one count). He was convicted by a jury on all four counts and was sentenced to three consecutive life sentences for the first three counts and one year in county jail to be served concurrently for the fourth count. As part of the plea agreement, his sentence for the conviction in the present case was to run concurrently with the sentence imposed in his jury conviction.

At the plea hearing, the prosecutor outlined the evidence against LaVoll. In

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

brief, from April 1997 to July 1997, LaVoll worked as a security guard at several apartment complexes in Las Vegas. As part of this job, he was involved in the North Las Vegas Police Department Explorer Program, which was a mentoring program for teenage boys. LaVoll befriended young boys between the ages of 11 and 14, invited them back to his apartment to drink alcohol and play with his gun and sexually assaulted them. The victim in the present case was 14 years old. LaVoll sexually assaulted him on four occasions with his gun nearby.

LaVoll did not directly appeal his conviction. On December 31, 1998, LaVoll filed a state petition for writ of habeas corpus. After holding a hearing, the state district court denied the petition and filed Findings of Fact and Conclusions of Law on May 6, 1999. The Nevada Supreme Court affirmed the district court's dismissal of the petition on April 12, 2001. LaVoll then filed a petition in the District of Nevada. The district court denied the petition on March 30, 2006 and granted the petitioner's Certificate of Appealability certifying the following issue for this court's review:

> Whether Mr. LaVoll's guilty plea was not entered knowingly, intelligently, and voluntarily due to ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution?

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition brought pursuant to 28 U.S.C. § 2254. *Riley v. Payne*, 352 F.3d 1313, 1317 (9th Cir.2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review of LaVoll's petition for habeas corpus. Relevant to this review, a federal court may grant a state prisoner's petition for a writ of habeas corpus only if the state

court's decision: (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may also grant the petition if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

For a guilty plea to comport with due process, it must be knowing, intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). LaVoll contends that this guilty plea was not entered knowingly, intelligently and voluntarily due to ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

In order to show ineffective counsel, LaVoll must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In a guilty-plea case, like the present case, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In his petition, LaVoll raises five grounds for finding ineffective assistance

of counsel, all of which were rejected by the Nevada Supreme Court and the district court.[1] We reject each ground as well and will discuss each in turn.

■ First, LaVoll contends that his trial counsel coerced him into pleading guilty by advising him that because he was a black man and the alleged victims were white, he would be convicted.

The Nevada Supreme Court did not specifically address this allegation in its opinion, but the court, relying on the written plea agreement and plea canvass, concluded that LaVoll was not coerced into entering the plea. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (holding that representations made by the defendant during a plea hearing "carry a strong presumption of verity"). The plea agreement specifically provides: "I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress, coercion, or by virtue of any promises of leniency, except for those set forth in this agreement." Moreover, at the plea hearing, the judge asked the defendant, "Did you sign it freely and voluntarily?", to which LaVoll replied, "Yes."

We conclude that the Nevada Supreme Court's reliance on LaVoll's plea agreement and plea colloquy and determination that LaVoll's plea was not coerced was neither contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court.

■ LaVoll next contends that his trial counsel failed to advise him both of the required elements of sexual assault that the State must prove beyond a reasonable

doubt (LaVoll's second ground) and of the rights and privileges he was waiving by pleading guilty (the third ground).

The Nevada Supreme Court concluded that LaVoll had not demonstrated that his counsel's performance was deficient, but even if LaVoll was not informed by his counsel of the elements of the crimes or the rights and privileges he was waiving, he could not prove prejudice—the second prong of the *Strickland* test—since both the written plea agreement and the plea hearing show awareness of the elements of the crime and of the waived rights.

As for the elements of the crime, the plea agreement provides: "I have discussed the elements of all of the original charge(s) with my attorney, and I understand the nature of these charge(s) against me. I understand that the State would have to prove each element of the charge against me at trial." In the plea canvass, the court asked LaVoll: "Did you read [the guilty plea agreement] before you signed it?", to which LaVoll answered "Yes." The court also asked LaVoll: "Did you understand it before you signed it?" LaVoll again responded, "Yes." The agreement also contains a section titled "*WAIVER OF RIGHTS,*" which states: "By entering my plea of guilty pursuant to the *Alford* decision, I understand that I am waiving and forever giving up the following rights and privileges." The agreement then lists six constitutional rights, including the right to a trial.

The Nevada Supreme Court did not act unreasonably in crediting his in-court admissions and discounting his *post hoc* ob-

---

his right to an appeal on his behalf—fell outside of the scope of the Certificate of Appealability, and therefore was not properly before this court. We decline to extend the COA to cover this issue and therefore dismiss this issue for lack of jurisdiction.

**596**

jections. *See Blackledge,* 431 U.S. at 73–74, 97 S.Ct. 1621. The Nevada Supreme Court's conclusion that LaVoll was not prejudiced by any alleged failure on the part of his trial counsel to advise him of the elements of the crime and the rights waived by pleading guilty was not an unreasonable application of *Strickland.*

■ The fourth ground offered by La-Voll concerns his trial counsel's failure to investigate whether he was competent to enter a plea of guilty.

"Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford,* 316 F.3d 1079, 1085 (9th Cir.2003). Relying on its own cases, holding similarly to *Douglas,* the Nevada Supreme Court determined that LaVoll failed to allege any facts that would have caused his trial counsel to question LaVoll's competence. Therefore, the court concluded that LaVoll failed to show that his trial counsel was deficient.

Likewise, in his federal habeas petition, LaVoll fails to specify any such evidence of mental incompetency. The Nevada Supreme Court's determination that LaVoll's trial counsel was not deficient for failing to investigate LaVoll's competency was not contrary to, or an unreasonable application of, federal law as defined by the United States Supreme Court.

■ Lastly, LaVoll argues that his trial counsel failed to investigate and discover exculpatory evidence.

The Nevada Supreme Court determined that LaVoll failed to allege what information would have been recovered in such an investigation and how it would have affected his decision to plead guilty and therefore concluded that he failed to show ineffective assistance of counsel. We find that

this determination was not contrary to, or an unreasonable application of, *Strickland.*

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided